The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. And United States v. Brunson, Mr. Belts. Your Honor, Judges of the Court. I'm pleased to be here as appointed counsel for Mr. Brunson's case. Regarding the first step issue which was raised in my briefs, I will stand on my brief. I do not intend to argue. A couple of reasons for that. The brief essentially is almost verbatim from cases that have been pending in other circuits, with the permission of, frankly, the attorney who had written those briefs, one in particular in the Third Circuit. Also now pending in this court is a case of U.S. v. Jordan, 17-4751. Exactly 30 days ago today, it was argued and presents all the issues, frankly, that are covered in my brief. Also, I have a case pending that's called U.S. v. Thomas, 18-46-70. Which at my request and the government's request, the court has ordered it be held in abeyance, pending resolution of the Jordan case. The Thomas case, again, presents virtually the exact same brief I have regarding the first step. Can I ask you, is the issue in all those cases what imposed means? When a sentence is imposed, the statutory language is imposed. And the alternative would be when it becomes final. That's correct. Is that the issue? That's the crux of the whole argument. There are a lot of other. I'll be honest with you. With the permission, and there should have been a footnote in my brief, frankly, there is one in the Thomas case acknowledging an attorney from Pennsylvania, a federal public defender, who had petitioned the Supreme Court, gave me permission, frankly, to use all of her arguments. And they have been appeared. I hate to say it, the Third Circuit, after remand of that case, has now turned it down. So the position we have taken, best I can tell, has been turned down in most of the circuits that have heard the exact same questions, particularly the Abels case. I'm not sure I understand which question. I thought you said it was the first question that you raised. But is it the first step question? Yeah, it's the first step question. I'm saying I'm not going to argue that. I understand that. I thought it was the first question. I apologize. I apologize. All of the circuits that have ruled on this question have said that a sentence is imposed when the district court hands it down, not when it becomes, quote, final, unquote. That's correct, Your Honor. That's my understanding. Moving on to the substantive issue, which I really pursue here, and that's the suppression motion regarding the wiretaps. First of all, I need to apologize to the court, frankly. As you know, I originally filed an Anders brief in this case. I did invite the court's attention to the suppression motion, but I didn't do it vigorously, frankly, as an advocate. That was under the misguided, my misguided idea of trying to give my client an opportunity to argue some of the issues that he had wanted me to pursue that I could not. As you may have noticed from the- Are we here on plain error? Pardon? Are we here on plain error? Oh, no, Your Honor.  What I was saying is that my bad decision, frankly, in filing an Anders brief was with misguided idea that my client should have an opportunity to make all the other arguments he wanted. I shouldn't have done that. This is a substantive argument. It was preserved exclusively in the district court, and that is whether or not, because the orders for the wiretap intercepts did not disclose the DOJ official who had approved the application. The order themselves did not have it. Therefore, the issue was- Reading all the papers, I understand your point that it did not provide the name of the person who signed the authorization, the application. That's correct. The application was signed by a Deputy Assistant Attorney General, and the name of the person was on the application. When it came to the order, it says as authorized by the Department of Justice, blah, blah, blah, Deputy Assistant Attorney General. So it does identify the person who authorized and signed it. The question is whether that identity is sufficient identity. When it refers to the application, it says the application was duly authorized by the Deputy Assistant Attorney General, which is one of the six or so persons authorized by statute to sign it. And that has been the procedure followed in apparently everywhere, including in the D.C. Circuit where Judge Rogers went the other way on this issue. But my question really is, can you really say there was a noncompliance when they followed that practice, that level of identity, and when the specific name is disclosed to the defendant at the same time the order is disclosed? In other words, does identity of necessity include the name? Yes, Your Honor, I believe it does. That wasn't really brief very much. The government made some point about it. But when I was reading it all, I wasn't very enamored with the notion that everybody seems to assume there was a violation of the act. Maybe there is and maybe there isn't. All right. Your Honor, the only point I would make is going back to the D.C. Circuit decision in Skirt. Judge Rogers basically said that you have to get, it has to be a unique person. That's correct. And that reasoning is very reasonable. But I don't know if it's exclusive. In other words, and the D.C. prosecutors have been following the practice of identifying a specific office that approved it, which is a statutorily approved office, and putting the name in the application. That's what was followed in Skurry and in this case and in other cases. And there is now a directive in view of Skurry issued where the U.S. attorneys are being instructed to include the name in the order. But that doesn't mean it was necessarily a violation of the act. At least it struck me that identity could be different levels of identity. I believe the statute actually requires the name. It says the identity of the person. I believe it requires the name as it says in Skurry. It says the name of the agency and the identity of the person authorized to sign it. And I think that identity needs to be more specific than just his title. Why do you say that? What if I said the Attorney General? As authorized by the Attorney General. I believe the Attorney General, since that name would be known. Well, it is known. But in this case, the Deputy Assistant Attorney General, there are five or six of them. But there are specific offices. And anybody getting these papers can find out because at the very same time they get the copy of the order, they get the application. And the application is included by reference. And so the real question is, does the actual name have to be there to satisfy the statutory term identity? And I think Judge Rogers might be the right answer. But I'm not sure it's the exclusive answer. And so I just raised that without assuming we actually have a violation. Because, you know, the practice that was followed, and nobody in the government thought they were violating the act. And they disclosed the person, the actual office who signed it, the Deputy Assistant Attorney General. And that was disclosed in this order. That's who signed it. The order referred to the application, did it not? Your Honor, it mentions it only because it says the application has been made. But I see no other, quote, reference. It certainly is not adopted by reference or incorporated by reference. I think that term has been used by the government that the orders incorporate and refer to the application. Of course they refer to the application in one of the first lines. It says application being made by the U.S. Attorney, you know, on behalf of etc. But there is no identification further in the order itself. And there's nothing incorporating it by reference, that application by reference. I would also urge you to consider that the HOTA decision, which I think spells out, of course, that an order is, at the very least, insufficient on a case for purposes of 251810Aii, has been insufficient on a case where it omits one of the specific required items, which is under 2518-4. That's the identity issue. Are we talking about a real world issue? It was the absence of the name in the order, notwithstanding its presence in the application. Did that somehow make the wiretap or the surveillance unlawful? Well, it certainly didn't affect the probable cause or the basis or the actual factual basis for undertaking the surveillance. I wonder whether, you know, we can talk about it. It seems to me a bit of a technical issue, and I'm not sure it goes to what is the real world question, which is, did they have a reasonable basis and probable cause for undertaking the surveillance at all? And I can't see that what we're arguing about in this way goes to the underlying lawfulness. I understand your position, Your Honor. The only thing I can observe, that's what Congress said. This is the way they said it has to be. The procedures are very precise. In fact, I can see very quickly that, and this issue was not raised below by either party, that there is a distinction between wire and oral communications versus text messages or electronic. I have to concede that this 2510II does not apply to text messages as an exclusion. There's no basis for saying because it didn't have the name on there, this is insufficient on the face. The other thing is, when you look at any Fourth Amendment question, what you're interested in is deterring wrongful official conduct. But here, if there was a ministerial error, it was maybe on the part of the court since the application gave the name. But the executive branch, which is the object of concern in these surveillance cases or in any search cases, you don't want the executive branch going wild. The executive branch did what was required of it. And that is the executive branch gave the name. And if the whole purpose of the Fourth Amendment is to deter unlawful surveillance, the executive branch was lawful. And there was perfect reason under Leon for these offices to rely upon this order, given the application, given the fact that the court had issues. There was a good faith reliance on the order. I can't see the executive branch overreach. Well, Your Honor, the executive branch prepared the order for the judge that did not comply with the statute. They're the ones that submit the order. I don't understand what you're saying there. They gave the name. And I assure you, in Columbia, they're not going to fail to do that. Again, I don't think their orders would exist. The executive branch gave the name of the deputy assistant attorney general. But they prepared the order for the judge's signature that did not include that name. If I could, my time is almost up. It included the office, and it included specific, and it said, referred to an application as authorized by the deputy assistant attorney general, which is one of the six persons authorized by statute. So it is the authority of the order, the application in the order, is given, that level of identity. The question is, does identity of necessity include name? I believe it does. And your argument would be, you could say, by authority of the attorney general, application made by the attorney general, and that would be okay, right? Or the deputy attorney general. That would be okay. You're just saying because there happened to be a few deputy assistant attorney general, you can't just put that. That's correct. That's your argument. The name must be there. And I've got about 40 seconds left. I would invite you. We're not trying to hide the name. No. Also, for application, I've conceded that this at least has text messages. They're in. Those texts are found at counts four and six. So those counts stand. However, all the other counts that use call sessions, and I'd ask you to please look to the exhibit list. It's a wonderful guideline. It's in our materials, page volume two, page 525. That exhibit list, each exhibit was introduced. It shows whether it was a call session, a text session, and which counts it applies. It's our position that to the extent anything was used in evidence at the trial from calls, call sessions, that because the name was left off the orders, those counts should be thrown out or referred back for further trial. I don't mean to be excluding all your arguments there, but if you agree that the order could have said the attorney by authority application signed it by the attorney general, that would be sufficient, right? I guess that's a matter which I hadn't given a great deal of thought to. There's only one attorney general. I hesitate to concede that at the moment. There's only one attorney general. That would be my feeling, that that would sufficiently identify by title that individual. It couldn't apply to deputy attorney general. Well, deputy is only one deputy attorney general. So the deputy attorney general could be, and the deputy attorney general is also a statutorily authorized person. So the question is, the name, therefore, is not necessary by the word identity. In other words, when the statute uses give the identity of the person who authorized it, you don't need to give the name if it's the attorney general. Do you agree with that? I would have to agree with that, Your Honor. Yeah. All right. So if we don't need to give the name, now what do we look for in the statute that requires us to give the name at one level when we have deputy assistant attorney general where there are five or six of them or the attorney general where there's only one of them? How do we read the word identity with the specificity that requires that? I guess once you get past the one, the attorney general that can be identified, just identifying by. How can it be identified? I thought you agreed that the order identified it without a name. I said if the order says attorney general, that's one thing. But if it just says others that are authorized by attorney without naming them, then they have not been identified. And the reasoning is that since there's only one attorney general, the person can go look in the public record and see who the attorney general is. Correct. But he could not know which one of five or six others. But then if you say pursuant to an application signed by a deputy assistant attorney general, then instead of looking at the public record, you just look at the application. But the order, we don't know whether that's attached or not. There's no indication that these orders were attached. No, but it's available. It's the practice. It's available. It's always attached in the practice, isn't it? That I can't answer. That was in the record. I don't have any idea whether they were attached or not. And I'd ask the government. They said they've not indicated to me any evidence of an attachment. No, not attachment. In other words, when the order is made available, the application is made available. I don't know that, Your Honor. I don't know that the record indicates that. I thought that was the practice that the U.S. attorney said. I cannot answer that question, Your Honor. Okay, thank you. Judge Miles, do you have any questions? Thank you. Mr. Booth. May it please the Court. The wiretap evidence obtained pursuant to judicial orders that did not specifically identify the names of the authorizing DAGs, but which referred to the application in the orders themselves, should not be suppressed as facially insufficient under 2518.10a.2, because those omissions were merely a technical defect that went to the manner by which the name. Are you conceding it was a defect to leave out the name? Yes, Judge Niemeyer. It has been the position of the United States for a long time that because the statute specifically requires on 2518.4d the identity of the agency authorized to intercept the communications and of the person authorizing the application. Okay, now. It's our position that if it involves DAGs. So if I told you it was in the order I identify the Deputy Assistant Attorney General who signed the application, is that inadequate? Our position is it has to include his name as well. No, I said is that inadequate? That would be a technical defect. If the order itself self-references or cross-references the application, that's our limited argument in this case. Well, it says so. It says this order was issued pursuant to an application signed by the Deputy Assistant Attorney General who's authorized by statute. That is correct, Judge Niemeyer. And that is why our argument is where you have a judicial order that on its face refers to other documents. Well, Mr. Booth, given the language of the statute, given your historic practice, it's much better to have the name of the official in the order itself. And I think you just save yourself a lot of trouble. That being the case, that only gets us to step one. There's a question that the district court raised is if the application identifies the person by name and if the order identifies the person by name. I mean, if the order identifies the person by position, that that's substantial compliance and that it's a technical defect. And the Supreme Court has indicated that technical defects don't necessarily require suppression. And if you get, even if you say, well, no, there wasn't substantial compliance. If you reverse the district court on that basis, which would be a very technical basis, then we go into the whole question of Leon. These people certainly were proceeding under a court order, a warrant. They weren't renegades. They were just running off on their own course. So the question of whether there was a violation aside, it seems to me there's still the violation was of a technical nature. There was substantial compliance. And as a backup to that, there's Leon. Well, I agree with first of all, with respect to your second point. And yes, that's another part of our argument is that if you were to find that these particular orders were facially insufficient, then it's our position that under Brewer and under decisions from the Supreme Court like Massachusetts versus Shepard, which applied the good faith exception in the case involving a warrant that was defective, that there would be no basis for suppressing the evidence. But I would like to point out with respect to the district court's reliance on a substantial compliance theory, that was a theory that had been relied upon by several courts of appeals in relation to a core concerns theory that had prevailed before DADA. Well, yes. And DADA makes that all no longer applicable. That's correct. So you quite properly conceded at the outset that the 25, 18, four factors. Now, if you have missed one of them, the order is insufficient. That's the law after DADA, right? The law after DADA is that if the order is insufficient on its face. And it's insufficient on its face if it doesn't contain one of those five factors in 25, 18, four. Judge Motz, our argument is one way that an order can contain it is by analogy to the Fourth Amendment cases in Gros and in this court's decision in Hurwitz, that for purposes of the particularity clause of the Fourth Amendment, a warrant can satisfy the particularity clause if it cross-references an affidavit or an attachment that has the items that are listed. See, but the problem with that argument, I think, is you're not dealing with the Fourth Amendment here. You're dealing with a federal statute. And Congress has told us exactly what has to be. And it's not very – they're limited. DADA was a limited ruling. It said, okay, those five things have to be in. Without them, the order is insufficient on its face. Right. And the facts in DADA were that there was a sentence in there involving the territorial jurisdiction of the court. Yeah, yeah, yeah. But they also said that – and they said not every defect is an insufficiency. So our argument is – No, but these defects – remember there's the line from Justice Breyer? It's at least these defects. Right. It didn't have one of those defects in DADA. You're right. That was a territorial thing. But it didn't have one. No, but there is a line that says at least the defects under Subsection 4 are – makes it warrant insufficient. Right. And what Justice Breyer and the Supreme Court wasn't dealing with is the very limited situation. This is our argument. Our argument is that where the order on its face – Is insufficient. No, on its face incorporates another document that specifically identifies the name of the DAD, authorize the authorizations. That cross-reference is sufficient to take this order out of the facial insufficiency into a technical defect that simply goes to the manner by which – And I – you know, good for you that that's made your argument. But the Supreme Court case doesn't suggest that. It says that if you're under Subsection 4, it's facially insufficient. That was – I agree with you, Judge Motz. There's some very, very broad language in DADA. And all I'm saying is our argument, an argument that was not considered by Scurry, wasn't considered by other courts, was that you can have this cross-reference. Well, that's because the line has been moving. And, Judge Motz, you're right. This is a Title III statute. It is not the Fourth Amendment. Right. But the Fourth Amendment plays a role. For example, and I'm just going to cite U.S. v. Scott, 436 U.S. 128, which involved a challenge to the minimization requirement under the statute. The Supreme Court, in deciding whether to consider the motives of the officers, did consider Fourth Amendment law. I agree with you this is a statute. It's not the Fourth Amendment. But the Fourth Amendment principles play a role. And as Judge Wilkinson pointed out, assuming that you find that these orders were facially insufficient, our secondary argument is that under this court's decision in Brewer, and under cases like Massachusetts v. Shepard, there's no reason to suppress the evidence in this case. Any mistake made here, as was in Shepard or in Leon, was by the judge, not the officers. The officers had an order which said that this had been authorized by a DAC. They had reason to believe that these were authorized by a DAC. There was probable cause, and that the judge had signed it. So these are all those cases which you have a better handle on than I do. Are Leon cases? There is actually a split in the circuit on this question. The Brewer case, which I've cited in brief, this is an unpublished decision from your court, cites a series of published decisions applying the good faith exception to orders that don't comply with 2518. So we would urge you to apply Brewer in this case as well, and hold that even assuming you find that these orders were facially insufficient, the good faith exception should apply. Has the Supreme Court applied the good faith exception to statutory, not Fourth Amendment claims? No. What happened in this particular, the reason some of the other courts had done this, was because there is a provision in the Senate report that, I'll have to find it here. I trust you. There is a provision in the legislative history which indicated that Congress was not intending to press the suppression remedy beyond the present search and seizure doctrines. We interpret that to mean that Congress wanted the courts to sort of keep pace with the Fourth Amendment law and not to freeze the Fourth Amendment laws that existed in 1968. So you're going to want to, we say you keep pace, but Congress wasn't intending probably to have a broader remedy to exclude the good faith exception. And so we would urge you to apply the good faith exception. But my question remains, has the Supreme Court done that? Oh, I'm sorry. The answer, I should have answered the question earlier. The Supreme Court, to the best of my knowledge, has not applied the good faith exception under Leon and Shepard in a case involving Title III. But some courts of appeals have. I must admit the Sixth Circuit has not. This Court did it in an unpublished decision, and we would urge you to apply it here. And you know our unpublished decisions are not, we do not regard them as presidential. The well-reasoned ones should be, especially when it cites the Court of Appeals. Well, all of the ones issued by this panel are well-reasoned. Absolutely. When you say incorporated by reference, is the phrase by application? Where is the incorporation by reference? Well, we're relying on not only the language in the order, which specifically referred to the application, but this is on page J656 of the Joint Appendix with respect to the first order. The order says, it refers to the application and says, and full consideration given to the matters set forth therein. So our position is that when you take the language of the order that specifically refers to the application of the assisted U.S. attorney, says the court has given full consideration to the matters, and then later on, and this is on J659, pursuant to an application authorized by an appropriate official of the criminal division. So how many references are there to the application in the order? In the order? Oh, there are several. There are three or four at least. And again, the order could not have set forth the probable cause for the interceptions unless it had looked at the application. So you're saying in essence that you cannot separate the order and the application, that they are really to be looked at as a package or together? I am saying where the order specifically refers to the application and uses language that says full consideration, and then also says the application has been authorized by a DAG. Then we would say in that case, the order sufficiently cross-references the application, so as to make it no longer facially insufficient, but merely a technical defect by which the means, the identity of the person has been identified. Now, Judge Niemeyer, you had a question earlier about the attorney general. That would present a different case for the reasons expressed by the D.C. Circuit. Now, that is because there's only one.  I understand all that reasoning, and I think it's solid reasoning. But by engaging in that reasoning, you are directing the reader of the order to something outside of the order to complete the identity. The attorney general, there's only one in the United States, and everybody knows you can find out where that is. But the face of the order doesn't contain his name. It just says, an application signed by authority of the attorney general. And I'm suggesting that would even satisfy Scurry. But if you go that far and you're willing to say that the identity of the attorney general is readily ascertainable because it's sufficiently specific, then I don't understand how you can at least call it a defect, at least under past practice, where you identify the specific deputy assistant attorney general who signed the application. You don't have the person's name. You have the specific one who signed the application, and the application's part of the package. I don't understand the difference in directing the person who reads attorney general to the outside or the person who reads the deputy assistant attorney general to the outside. Once you get on to that type of analysis, then you have to get into the notion that identity might be a little broader than just the name. And that's my whole point, that I would not, from your point of view, concede that there was a defect necessary. It was a practice. Your office was following and all offices were following until Scurry. And then after Scurry, the Department of Justice issued a notice to put the name in. Well, that's fair enough, and the name is much better. It's much better. But that doesn't mean there was a violation. And that's my whole point, because you start reading data, and if you concede there's a defect in the identity, you've got a hard course to row. I understand exactly everything you're saying, Judge Niemeyer. I must say, though, that the position of the Department of Justice, and not just in this particular case, but in other cases has been that the identity of the person must be in the judicial order authorizing the markdowns. You can't say that because your practice from the beginning has been to omit the name. It has been from the beginning. It's the practice of attaching the application and the name and then referring to that person in the order and issuing these directives, the clarification directive. It cannot be what you're saying. And I just think you're kicking yourself in the shins. Well, don't you have to say that after data? Do you think you've been following this practice illegally the whole time? I'm not saying we're following a practice the whole time, but after reading data, which indicates that there is... It just says you have to comply. It doesn't say what the word identity means. The only case that addresses identity different from the way the practice was followed was Scurry. And I suggest to you Scurry is not a badly reasoned opinion at all. But it changes the game for the practice that was being followed by the Department of Justice. And for you to come in and say this is the position of the department in order to cover yourself doesn't help you. Is the application physically attached to the order? That's an interesting question, Judge Wilkinson. I've made inquiries out into the field to that. I understand that the order, the proposed order, the application, the memo of authorization are sort of put in a folder and set in tabs. Whether put in like a manila folder or... So they're not attached. They're in the same folder. Well, they're not attached in the sense that why they don't necessarily, Judge Mott, put them on a staple is because after the judge signs them, they take them to the clerk's office. Well, just physically, where are they? Physically, where are they? Are they in the same manila envelope? Yes, everything is together. Manila folder, right? Well, there are 94 U.S. attorney's offices and I can't speak for all of them. But from talking to a couple of U.S. attorney's offices, they are put together in like a manila folder and they have tabs on them. So one of them says proposed order and says application and memo of authorization of the order. And none of this is in the record, right? None of this is in the record, but since Judge Wilkinson asked... No, no, no.  That's not in the record. And so as far as whether there's a uniform method of attachment, the answer is probably not. But I do know that staples are not something that the clerks like because they have to unstaple them when the judge signs the order. I understand that. Your basic position, I guess, is that there is no violation here in the instance where there are cross-references to an application which is valid and complete and has full disclosure, which is valid in all respects. If you have the order, the order goes as far as it did and then there's a cross-reference to the application, which gives the name, that that is not a facial defect. No, and that's because, as I'm trying to persuade Judge Motz, the order facially incorporates the affidavit. So the order is not facially insufficient because it has the language that brings in the affidavit. That's our argument in this case. And I understand, and I appreciate your argument. All I'm doing is going back to the Supreme Court case where the Supreme Court said it is clear that subparagraph 2 covers at least an order's failure to include information that 2518D specifically requires the order to contain. An order lacking that information would deviate from the uniform authorizing requirement that Congress explicitly set forth, which are also literally within the phrase insufficient on its face. I understand your gloss, but if I didn't have your good help here and I just read what the Supreme Court said, this order would be insufficient on its face. And if you so find, Judge Motz, and I hope that you will apply our good faith argument, and if you don't apply the good faith argument, you apply our harmless error argument. Well, I'm also, we've already talked about good faith and whether it applies to federal statutes like this, and you talked about this legislative history or something, but in any event, the Supreme Court's never done that. What about the other thing you were talking about, harmless error? What about that? When we have a congressional enactment, we say that there's harmless error and we have a recent Supreme Court case interpreting it saying it means what it says. Well, because our position would be that despite the introduction of these five or six, seven intercepted calls, the government's independent evidence on the, it was overwhelming. Those calls with regard to this defendant were overwhelming, the information that they got from the calls. I mean, I've been through this record. Right, but the, for example, the evidence obtained, I'm past my time, I'm just going to answer your question. Yes, your colleague was a little behind his time. The evidence on the conspiracy count resulted from the in-court testimony from Wright, from Gates, from Ravenel. I mean, when you put all of that evidence together, saying that he was involved with us in a conspiracy, the three or four lines of the wiretap conversation sort of pale and insignificant. Not so much. Remember, this is just a statutory violation, not a constitutional violation. I do remember that. In the quotation that my fine colleague, Judge March, read to you, I guess the key word in that quotation is contain. Yes. And your view, as I understand it, is that you're in conformity with the Supreme Court decision because the order did contain the identity of the individual and its various cross-references to the application. That that, the Supreme Court didn't really, wasn't faced with what the word contain meant. But you're saying if you have the name of the, the name of the official in the application and you have the position identified in the order, and then you have various cross-references, then that's contained within the order and the cross-references make the identity of the official contained within the order. Yes, that's our position. But again, as I've been trying to explain, as long as the order facially refers to other documents. Yes, so I'm just not sure it necessarily hinges on the word identity. I think it hinges to me on the, what's a realistic, I think we have a choice between a realistic view of the word contain and something which is a little bit more on the hyper-technical side. And I'm not about to go against the opinion of the Supreme Court, but I think that the cross-reference can be sufficient to satisfy the meaning of the word contain. Well, that's our position. Our position is what happened in this case was at most a technical defect under DADA and not facial insufficiency. It was to all intents and purposes contained. That's our position, Judge Wilkinson. Are there no further questions? Thank you. Let's hear from this gentleman in rebuttal. Thank you, Judge Wilkinson. I want to have the order that Mr. Booth just referred to on page 659. The words just say it's made pursuant to an application authorized by an appropriate official of criminal division. Does it identify the Attorney General? Then it says appropriate official, and then it says Deputy Assistant Attorney General. And I think that will comply with the first part of the requirements under 4D, which was identify essentially the agency. Now you're down to his office. But Deputy Assistant Attorney General does not give us a name. The rest of 4D says, and the identity of the person. So you've got to have both. I think you've got to say, yes, there's Deputy Attorney General John Smith. We've got to clarify what is the identity requirement. Judge Motz, of course, took my thunder as far as the HADA case. I think that makes clear at least as a minimum of what would be an insufficient case order is one that does not fully comply with 2518-4. And of course, since it doesn't show the identity, the order does mention essentially the agency, but not the name. The difficulty I have is that you're looking at the order as if it's sort of floating all by itself. And it's in some kind of vacuum. But every order is a product of an application. In this case, you have the references to the application. If the application had been non-conforming, that would be one thing. But it wasn't. It had the name listed. Your Honor, we, as far as I know, This order can't be just considered as a vacuum when it has a cross-reference. If the order goes out to the law enforcement, FBI, or whoever is going to enforce it, and it does not include the application, then no, they don't have the information. We do not have anything in the record that indicates that the applications were attached. I would refer you to Well, you don't have anything in the record that they weren't attached, do you? No, Your Honor, I don't. I don't have that information. What we do have in the record is that they were referenced. Of course they were referenced. They had to say an application was made. No, it's more than that. But they did not incorporate that application. This Court has addressed the question of incorporating warrants. It wasn't in this case, but I believe it's the Hurwitz case, which Mr. Booth was kind enough to say I would have never seen it. But it talks about under a warrant. This Court has decided you can either incorporate by reference or attach. Some courts require both. But this Court has decided to do either or. As a result, I think it would behoove that the government should have come forward, either in the lower court or at least in these records, to indicate we know the words of incorporation were not used anywhere in the order. Therefore, we're left with the only other possible I don't think anybody's using that it's incorporated. We're just saying it's referenced. Well, actually, the government's brief indicates incorporated and referred to. Both words are used. I don't think that was meant to mislead the Court. I don't mean to represent that at all. But I want to make clear there's nothing in the order that uses the word incorporate, as this Court apparently had interpreted under the Hurwitz decision, of you can either incorporate by reference or attach. I really think this case boils down to whether there's even room for a smidgen of practicality when we consider these kinds of questions. We're talking about a four-day trial and all the effort that went into that. And the question is, when the case comes up here, is there room even for a slight smidgen of practicality, whether the practicality comes in terms of what Judge Anderson said, that it was substantial compliance, or whether it's within the word contain, or whether it's within the concept of Leon, or whether it's in the concept of harmless error. At some point, the system cannot be so rigid that there's just no room for the practical assessment of whether something that is arguably, most arguably, noncompliant, about whether that's enough to upset the whole apple cart. If that's the case, then criminal procedure becomes something of a straitjacket and divorced, I think, from the prospect where there's, you're saying there's no room for any play in the joints, there's no room for any practical assessment of anything. Knock down the harmless error argument and everything that came in against this person. Knock down the jury verdict. Knock down four days of effort. Knock over, say, Leon never applies even by analogy or in anything else. The word contain means it's got to be right there in the order that their self-reference is not sufficient. Knock them all down. Make sure that there's no room for practical assessment of a four-day trial versus something that is arguably technically noncompliant. That seems, that's what you're arguing. Well, Your Honor, if in the case of a man who gets life in prison as a result of the suppression not applying as he had urged the court below, and he gave every opportunity before a four-day trial, making every effort to bring this to the court's attention, it's one of the best pro se applications I've ever seen. Frankly, it educated me pretty well. I never looked at it that closely. The man's fighting for his life. He got a life sentence. So on a technicality, there was a failure to comply with Congress said, this is how you can get a warrant. And if you do not do it this way, there should be suppression. The Hobb has confirmed that. And I think it's literal. And in this case, if it's not going to apply to a man who's urging because he got a life imprisonment, it's never going to be applied. It needs to be used here. I would ask you, I know my time's way up, I would refer you to please look closely at the pre-sentence report. It's found in the sealed volume starting at page 759. The probation officer did a fantastic job of outlining all the testimony. There was a mention that, well, we had plenty of evidence because his cousin, Mr. Wright, testified against him. Every place that you see in the probation officer's summary of Mr. Wright's testimony, and there are many paragraphs referring to him, every single one of them says, based upon a trial, based upon this call session, this exhibit, every bit of his testimony is based upon these improper wiretaps. The calls, not the text, they're based on the calls. And for that reason, there can't be harmless error here. Count one as a minimum, and we submit many others, which will be clear if you go through the index, have to be sent back. I see that you're court-appointed. You've made a fine argument. I want to express the court's appreciation for your services. Thank you. We'll come down and read counsel. Move right into our next case. Can I just ask one question of the government? In the oral argument before the district court, there was a circular that came out from the OEO following Scurry. What is the OEO, and is that circular generally available? The Office of Enforcement Operations. Oh, yes. The circulars and everything were issued to ‑‑ It was issued to all the districts, according to the dialogue with the district court. Yes. And I have a copy that the new go‑by, since you're obviously interested in Judiciary Matters, the new go‑by that is sent to United States attorneys' offices now have blanks in them so that the proposed order will have ‑‑ well, the proposed order has blanks so it can say, application by assistant U.S. attorney, blank. And that was not in there before? No, these orders, during the Dada litigation, even before Dada went to the Supreme Court, the department ‑‑ and in light of Scurry, the department recognized it was probably essential to begin avoiding problems like this, which is a 2013 application. Well, this is the same order that was followed in D.C. Circuit, too. They quoted the ‑‑ in other words, they just referred to the office. Right, but now the ‑‑ Now the circular has the blank space for the name. This is the latest go‑by that I just received. It may have been even after Scurry. Is that something you could make available to the court? When I go back to the office, I will check with OEO and I will follow the 28J letter with the court. So I'm not understanding. Did this apply when this case was ‑‑ No, after. No, this is a 2013 order. So maybe you can send them along so we can see the variation. You know, the one that applied then, the one that applied before. Judge Motz, when I go back ‑‑ After the Supreme Court case. Right. I will go back to ‑‑ unfortunately, I have two more arguments this week. When I go back to Washington on Monday. We do, too. Don't worry. No, this is important. OEO is very concerned about this. If you want to know what their circulars and practices are, you will get them. And Judge Motz is asking the one before it to show the other practice. The other practice before Scurry, yes. You will get those in about a week. Thank you. Thank you. Counsel, do you have anything to say by way of rebuttal to that? No, Your Honor. Is that all right with you, my request? Yes. Okay. Thank you. All right. We will come down. Thank you, counsel.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Diana Gribbon Motz